## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY S. STOTMEISTER, individually and as personal | : | |
| representative of the estate of FRANCIS C. STOTMEISTER, | : | |
| and as Mother and next best friend of MARK J. STOTMEISTER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civil No.:_____ | |
| | : | |
| ALION SCIENCE AND TECHNOLOGY CORPORATION, | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| M&M WELDING AND FABRICATING, INC., | : | |
| Third-Party Defendant, | : | |
| and | : | |
| CHERRY HILL CONSTRUCTION, INC., | : | |
| Third-Party Defendant, | : | |
| and | : | |
| DC WATER AND SEWER AUTHORITY, | : | |
| Third-Party Defendant; | : | |
| and | : | |
| CONSOLIDATED ENGINEERING SERVICES, INC., | : | |
| Defendant; | : | |
| and | : | |
| DAY & ZIMMERMAN SERVICES, INC., | : | |
| Defendants/Third-Party Plaintiff, | : | |
| 11 East Chase Street | : | |
| Baltimore, MD 21202 | : | |
| v. | : | |
| THE UNITED STATES OF AMERICA, | : | |
| Third-Party Defendant | : | |
| c/o John C. Truong, AUSA | :: | |
| 555 4th Street, N.W. | : | |
| Washington, D.C. 20530 | : | |
| and | : | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF | : | |
| AMERICA, | : | |
| Intervenor. | : | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

Third-Party Defendant United States (General Service Administration) respectfully notifies the Court as follows:

1.  The United States is named as a third-party defendant in a "Third-Party Complaint" civil action now pending in the Superior Court of the District of Columbia, Civil Action No: 2004-C.A.- 09735 (Judge Judith Retchin), entitled <u>Mary S. Stotmeister v. Alion Science and Technology Corp. et. al.</u>

2.  The Third-Party Complaint was filed on March 6, 2008, in the District of Columbia Superior Court.

3.  In the Third-Party Complaint, Defendant/Third-Party Plaintiff Day & Zimmerman alleges that Third-Party Defendant United States negligently maintained the Steam Distribution Complex, which allegedly caused certain injuries to Plaintiff.  <u>See</u> Third-Party Complaint at ¶ 8 (Gov. Exh. A) and Amended Complaint (Gov. Exh. B).

4.  This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446, since the Third Party Complaint against Third-Party Defendant is one in which the District Court has original jurisdiction.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia, is properly removed therefrom to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 2671 *et seq.*

Dated: July 10, 2008.                 Respectfully Submitted,


_/s/ Jeffrey A. Taylor_
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_/s/ John C. Truong_
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406
john.truong@usdoj.gov


Attorneys for Third-Party Defendant USA


3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2008, service of the foregoing <u>Notice of Removal</u>

<u>of a Civil Action</u>, has been made by mailing copies thereof to:

Thomas Patrick Ryan, Esquire
McCarthy Wilson LLP
100 South Washington Street
Rockville, MD 20850

Counsel for Defendant M&M Welding & Fabricators, Inc.


Frederick Arnold Douglas, Esquire
Douglas, Boykin & Olden, PLLC
1401 I Street, N.W., Suite 310
Washington, D.C. 20005

Counsel for Defendant District of Columbia
Water & Sewer Authority


Eileen M. O'Brien, Esquire
Thompson O'Donnell LLP
1212 New York Avenue
Suite 1000
Washington, D.C. 20005

Counsel for Cherry Hill Construction


Daniel R. Lanier, Esquire
Joseph L. Beavers, Esquire
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202

Counsel for Defendant Alion Science and Technology Corporation

Sean Mcdonough, Esquire
515 King Street, Suite 400
Alexandria, VA 22314

Counsel for Consolidated Engineering Systems


Norman Brooks, Esquire
Michael Hamilton, Esquire
913 North Market Street, #800
Wilmington, DE 19801

Counsel for Day and Zimmerman


Michael Burgoyne, Esquire
6 East Mulberry
Baltimore, MD 21202

Counsel for the Plaintiff Hudert

William P. Lightfoot
2001 Pennsylvania Ave. N.W., Ste. 450
Washington, D.C.  20006

Counsel for Plaintiff Mary Stotmeister


James F. Jordan, Esquire
Jordan, Coyne & Savits
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036

Counsel for Grunley-Walsh

_____
John C. Truong
Assistant U.S. Attorney

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

MARY S. STOTMEISTER, individually and as personal
representative of the estate of FRANCIS C. STOTMEISTER,
and as Mother and next best friend of MARK J. STOTMEISTER

     Plaintiff;

v.

ALION SCIENCE AND TECHNOLOGY CORPORATION,

     Defendant/Third-Party Plaintiff,

v.

     M&M WELDING AND FABRICATING, INC.,

         Third-Party Defendant,

     and

     CHERRY HILL CONSTRUCTION, INC.,

         Third-Party Defendant,

     and

     DC WATER AND SEWER AUTHORITY,

         Third-Party Defendant;

and

CONSOLIDATED ENGINEERING SERVICES, INC.,

     Defendant;

and

DAY & ZIMMERMAN SERVICES, INC.,

     Defendants/Third-Party Plaintiff,

v.

     THE UNITED STATES OF AMERICA,

         Third-Party Defendant;

and

TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA

     Intervenor.

2004 C. A. No. 009735

Judge Judith Retchin

Next Event:
     Status Hearing
     March 7, 2008



{DF104601 1}

## THIRD-PARTY COMPLAINT

Pursuant to Superior Court Rule 14(a), Defendant/Third Party Plaintiff, Day & Zimmerman Services, Inc., ("Day & Zimmerman") by and through its undersigned counsel, hereby states the following as its Third-Party Complaint against Third-Party Defendant the United States of America ("USA"), for acts and omissions of, by, and through the General Services Administration ("GSA"):

1.      This Court may exercise jurisdiction over the subject matter of this suit pursuant to D.C. Code § 11-921 and 28 U.S.C. §§ 1346(b) and 2671 et seq.

2.      This Court may exercise *in personam* jurisdiction over the Third Party Defendant pursuant to DC Code §13-423 in that at all material times, the Third Party Defendant owned property , transacted business, contracted supply services and/or caused injury in the District of Columbia by an act or omission in the District of Columbia.

3.      Day & Zimmerman was made a Defendant to this action by and through an Amended Complaint filed by Plaintiff on May 10, 2007, seeking damages for injuries, losses and expenses allegedly sustained as a result of an incident which took place on or about April 23, 2004, as explained more fully in the Amended Complaint attached hereto as "Exhibit A."

4.      Day & Zimmerman filed an Answer to Plaintiff's Amended Complaint on June 20, 2007, attached hereto as "Exhibit B."

5.      Third Party Defendant USA, and/or the GSA, owns, operates, and is primarily responsible for the operation of the Steam Distribution Complex ("SDC") running throughout Washington D.C., a potion of which is situated beneath 17th Street NW as alleged in Plaintiff's Amended Complaint.

6.      Third Party Defendant and/or the USA was also primarily responsible for supervising, overseeing and ensuring quality assurance on the repair and maintenance of the SDC

and specifically, the components of the SDC located in Manhole #11 where Francis Stotmeister was injured allegedly as the result of defendants' conduct.

7.     Day & Zimmerman first obtained a contract for the inspection of the SDC in May 2001. This Contract was extended twice pursuant to options contained therein, each time for a two year period. The contract in effect at the time of the incident was the "Option Year 2" contract (collectively referred to as "the Contract").

8.     On the occasion which is the subject of this lawsuit, Third Party Defendant USA and/or the GSA owed a duty to Plaintiff to exercise reasonable care in the ownership, control, and maintenance of the SDC, including taking all reasonable steps necessary to maintain the SDC in a manner that was safe for persons working at the construction site described in the Amended Complaint and otherwise eliminate the risk of injury to persons in the vicinity of the SDC, its access tunnels and street openings/manholes. The Third Party Defendant USA and/or the GSA was negligent in the following respects:

A     Prior to the incident, Third Party Defendant USA and/or the GSA, through their agents, employees, and servants, was aware of problems of deterioration of the SDC and the need to renovate and/or replace certain parts of the SDC at the location that is the subject of this lawsuit.

B.     Third Party Defendant USA and/or the GSA, through their agents, employees, and servants, negligently failed to repair and/or follow up on the existence of the potentially dangerous conditions at or in the immediate area of Manhole #11, prior to and subsequent to the time Day & Zimmerman was awarded the Contract by: failing to ensure that shut-off valves in the water line functioned properly on the day of the incident; failing to ensure that the steam originating at the SDC's Steam Distribution Plant and feeding into the SDC was properly terminated and/or reenergized on the day of the incident; failing to ensure that steam feeding into the New Executive

Office Building was properly terminated and/or reenergized on the day of the incident; failing to maintain or otherwise properly preserve the integrity of the "drip leg" at Manhole #11; and failing to properly notify and engage the services of Day & Zimmerman to perform an emergency inspection of the drip-leg and other components of the SDC in and around Manhole #11 on the day of, but prior to the incident alleged in Plaintiff's Amended Complaint.

C.     Third Party Defendant USA and/or the GSA, through their agents, employees, and servants, were negligent in their responsibility to oversee, supervise, direct the activities of, and provide quality assurance for, the maintenance and repair work on the SDC, which they own and operate, and the GSA plumbers present in the New Executive Office Building on the day of the incident.

D.     As a direct and proximate cause of the negligent actions herein stated, on the part of Third Party Defendant USA and/or the GSA, their agents, employees, and servants, the decedent was exposed to pressurized steam allegedly causing the injuries and death as set forth in the Amended Complaint.

9.     The acts and omissions of Third Party Defendant USA and/or the GSA, their agents, employees, and servants constitute a material breach of the Contract in that Third Party Defendant USA and/or the GSA, their agents, employees, and servants, failed to engage Day & Zimmerman's services to perform an emergency inspection pursuant to the Contract during the interim between the water hammer event described in Plaintiff's Amended Complaint and the time Mr. Stotmeister entered Manhole #11.

10.     Third Party Defendant USA and/or the GSA have waived any claim of sovereign immunity for such negligent acts pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2674.

11.    Presentation of an administrative claim to the appropriate government agency is not required prior to filing a third party action. 28 U.S.C. §2675 (a).

WHEREFORE, Defendant/Third-Party Plaintiff, Day & Zimmerman Services, Inc. prays this Court enter judgment against Third-Party Defendant:

(a) for all sums that may be adjudged against Defendant/Third-Party Plaintiff Day & Zimmerman in favor of Plaintiff;

(b) for any and all attorney fees incurred by Defendant/Third-Party Plaintiff Day & Zimmerman in defense of this suit, as may be permitted by law, and/or expressly provided by the Contract;

(c) for such other and further relief as this Court deems just and proper.

Respectfully Submitted.

_____ /s/ Theodore J. Segletes, III _____
Dawn C. Doherty, Esquire (414534)
Michael T. Hamilton, Esquire (474233)
Norman H. Brooks, Jr., Esquire (PHV)
Theodore J. Segletes, III, Esquire (PHV)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorneys for Defendant/Third-Party Plaintiff*
*Day & Zimmerman Services, Inc.*

DATED: March 6, 2008

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this <u>16th</u> day of <u>March</u> 2008, a copy of <u>Defendant Day and Zimmerman, Inc.'s Opposition to Defendant Consolidated Engineering Services, Inc.'s Motion for Fees and Costs, with supporting Memorandum of Points and Authorities and Proposed Order</u> was served via CaseFileXpress on all counsel of record.

<u>/s/ Theodore J. Segletes, III</u>

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| MARY S. STOTMEISTER, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 2004 CA 009735 B |
| v. | : | Judge Retchin |
| | : | Calendar 14 |
| ALION SCIENCE AND | : | |
| TECHNOLOGY CORP., *et al.*, | : | |
| | : | |
| Defendants. | : | |

ORDER GRANTING MOTION FOR LEAVE TO SERVE
THIRD-PARTY COMPLAINT
(May 2, 2008)

This matter is before the Court on defendant Day & Zimmerman Services, Inc.'s Motion

for Leave to Serve Third-Party Complaint, plaintiffs' Opposition, and the Reply. For the reasons

stated in the Motion and Reply, the Court grants the Motion.

Wherefore, it is this 2nd day of May, 2008, hereby

ORDERED that the Motion for Leave to Serve Third-Party Complaint is GRANTED; it

is further

ORDERED that the Third-Party Complaint attached to the Motion for Leave to Serve

Third-Party Complaint is deemed filed with the Court as of the date this Order is entered onto the

docket; it is further

ORDERED that the Clerk's Office shall issue a summons for the Third-Party Defendant

the United States of America; it is further

ORDERED that Day & Zimmerman Services, Inc. shall have until and including July 3, 2008, to effectuate service upon the Third-Party Defendant and to file proof of service of process; and it is further

ORDERED that the June 6, 2008, Status Hearing is CONTINUED to August 1, 2008, at 10:30 a.m. in Courtroom 316 so that a scheduling order may be established for the Third-Party Defendant.

Judge Retchin
Associate Judge

Copies Electronically Served to:

William P. Lightfoot, Esquire
D.C. Bar No. 313593

Daniel R. Lanier, Esquire
*Pro Hac Vice*

Joseph Beavers, Esquire
*Pro Hac Vice*

Eileen O'Brien, Esquire
D.C. Bar No. 483451

Randell H. Norton, Esquire
D.C. Bar No. 187716

Robert Dillard, Esquire
D.C. Bar No. 492948

Frederick Douglas, Esquire
D.C. Bar No. 197897

2

David Hudgins, Esquire
D.C. Bar No. 362451

Sean McDonough, Esquire
D.C. Bar No. 438599

Michael T. Hamilton, Esquire
D.C. Bar No. 474233

Dawn R. Courtney, Esquire
D.C. Bar No. 414534

Lawrence D. Granite, Esquire
*Pro Hac Vice*

Scott E. Snyder, Esquire
D.C. Bar No. 461813

Thomas P. Ryan, Esquire
D.C. Bar No. 348862

Theodore J. Segletes, III
*Pro Hac Vice*


Copies Mailed to:

Theodore J. Segletes, III
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Wilmington, DE 19081

3

*Amended Comp.*     *5-10-07*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

MARY S. STOTMEISTER, Individually and as                    :
personal representative of the estate of
FRANCIS C. STOTMEISTER, and as Mother                       :
and next best friend of MARK J. STOTMEISTER
94 Lovett Drive                                             :
Fredericksburg, Virginia 22401

                                   :

           **Plaintiffs,**

                                   :     **2004 CA 09735 B**
     v.                                                     **Judge Retchin**
                                   :     **Calendar 14**

ALION SCIENCE AND TECHNOLOGY                                :
CORPORATION
1750 Tysons Boulevard, Suite 1300                           :
McLean, Virginia 22102

        **Defendant.**                                    :

SERVE:     CT Corporation                                   :
            1015 – 15th Street, N.W.
            Suite 1000                                      :
            Washington, D.C. 20005

                                     :
and

                                     :
CONSOLIDATED ENGINEERING SERVICES, INC
320 23rd Street South                                       :
Suite 100
Arlington, Virginia                                         :

SERVE:     Corporation Service Company                      :
            1090 Vermont Avenue, NW
            Washington, D.C. 20005                          :

DAY & ZIMMERMAN SERVICES, INC.                              :
11 East Chase Street
Baltimore, Maryland 21202                                   :

SERVE:     The Corporation Trust, Inc.                      :
            300 E. Lombard Street
            Baltimore, Maryland 21202                       :

1

GOVERNMENT
EXHIBIT
B

## AMENDED COMPLAINT

### JURISDICTION

1.    Jurisdiction of this Court is based upon D.C. Code §11-921 *et seq.* and D.C. Code §13-423, as the cause of action arose in the District of Columbia.

### PARTIES

2.    Plaintiff Mary S. Stotmeister was married to Francis Stotmeister at the time the cause of action arose and is the personal representative of his estate.

3.    Plaintiff Mary S. Stotmeister is a citizen of the Commonwealth of Virginia.

4.    Mark J. Stotmeister is the child of Mary and Francis Stotmeister and was born on January 30, 1989.

5.    Upon information and belief, Defendant Alion Science and Technology Corporation (hereinafter Alion) is a Virginia corporation authorized to transact business in the District of Columbia.

6.    Upon information and belief, Defendant Consolidated Engineering Services, Inc., ("CES") is a Maryland corporation which was transacting business in the District of Columbia at the time the cause of action arose.

7.    Upon information and belief, Defendant Day & Zimmerman Services, Inc., ("D&Z") is a Maryland corporation which was transacting business in the District of Columbia at the time the cause of action arose.

### FACTS

8.    Plaintiff incorporates by reference all other paragraphs in the Amended Complaint and further alleges that at all relevant time periods, Francis Stotmeister was an employee of Grunley-Walsh Joint Venture.

2

9.      On or about April 23, 2004, Grunley-Walsh had entered into a contract with the General Services Administration (hereinafter GSA) to replace the steam/condensation system running under 17th Street, N.W., Washington, D.C.

10.      On or about April 23, 2004, Alion, pursuant to a contract between itself and GSA, was the construction manager overseeing the replacement of the steam/condensation system running under 17th Street, N.W., Washington, D.C.

11.      At all relevant times, Thomas Johnson was acting as an agent, employee, and/or servant of Defendant Alion.

12.      Defendants CES and D&Z were contracted to provide maintenance and repair services for the GSA steam distribution tunnels in Washington, D.C., including but not limited to preventive maintenance, repairs and replacement of mechanical systems and equipment in the manholes, vaults, tunnels, sumps, and building steam stations operated by the Heating Operation and Transmission District, HOTD, Steam Distribution Complex.

13.      The scope of the contract included the entire Steam Distribution Complex consisting of approximately seven (7) miles of tunnels and five (5) miles of buried pipelines, supplying 250 psi saturated, 406 °F steam to government buildings and monuments in the Washington, D.C. area.

14.      The contracted services were very broad and included, *inter alia*, requirements to tour and inspect all portions of the Steam Distribution Complex, note all deficiencies, including but not limited to deficiencies pertaining to the function and structural integrity of all components, and schedule the repair or replacement of deficient areas.

15.      With regard to repairs and replacements "Urgent Priority" was to be given to items that present a hazard or danger to HOTD personnel, contractor personnel, or the public.

16.    On or about April 23, 2004, at approximately 8:51 a.m. there was a steam explosion at 17th Street, N.W., Washington, D.C. near the New Executive Office Building.

17.    As a result of the steam explosion, Francis Stotmeister suffered severe burns over his entire body which ultimately led to his death on April 29, 2004.

## COUNT I
### (Negligence-Defendant Alion)

18.    Plaintiff incorporates by reference all other paragraphs in the Amended Complaint and further alleges that the incident was the direct and proximate result of the negligence of Defendant Alion whose negligent acts and/or omissions include, but are not limited to, the following:

      a.  failing to adequately and safely control and oversee the safety measures and standards on the job site;

      b.  failing to detect, warn of, and/or correct a dangerous condition;

      c.  failing to appropriately coordinate the work being performed on the steam/condensation system running under 17th Street, N.W., Washington, D.C. so as to ensure the orderly and safe accomplishment of the work;

      d.  violation of OSHA regulations; and

      e.  otherwise failing to adhere to applicable District of Columbia and federal statutes and regulations relating to occupational safety and health, including but not limited to the District of Columbia Industrial Safety Act.

19.    As a direct and proximate result of the negligence of Defendant Alion, Frank Stotmeister sustained serious burns over his entire body resulting in his death.

WHEREFORE, Plaintiff Mary Stotmeister demands judgment against Defendant Alion in the full and just amount of Thirty Million ($30,000,000.00) Dollars, plus interest and costs.

**COUNT II**
**(Negligence-Defendants CES and D&Z)**

20.     Plaintiff incorporates by reference all other paragraphs in the Amended Complaint and further alleges that the incident was the direct and proximate result of the negligence of Defendants CES and D & Z whose negligent acts and/or omissions include, but are not limited to, the following:

  a.   failing to detect, warn of, and/or correct a dangerous condition;

  b.   failing to inspect, repair, and/or replace components of the steam distribution system in and around manhole eleven (11);

  c.   failing to adequately train its employees and supervisors;

  d.   failing to adequately and safely control and oversee the safety measures and standards on the job site;

  e.   failing to appropriately coordinate the work being performed on the steam/condensation system running under 17th Street, N.W., Washington, D.C. so as to ensure the orderly and safe accomplishment of the work;

  f.   violation of OSHA regulations; and

  g.   otherwise failing to adhere to applicable District of Columbia and federal statutes and regulations relating to occupational safety and health, including but not limited to the District of Columbia Industrial Safety Act.

21.     As a direct and proximate result of the negligence of Defendants CES and D&Z, Frank Stotmeister sustained serious burns over his entire body resulting in his death.

WHEREFORE, Plaintiff Mary Stotmeister demands judgment against Defendants CES and D & Z, jointly and severally, in the full and just amount of Thirty Million ($30,000,000.00) Dollars, plus interest and costs.

## COUNT III
### (DC Wrongful Death-Defendant Alion)

22.    Plaintiff incorporates by reference all other paragraphs in the Amended Complaint and further alleges that this action arises under Title 16, § 2701 et seq. of the District of Columbia Code, and is brought by Mary Stotmeister as the personal and legal representative of the estate of Francis Stotmeister, deceased.

23.    Francis Stotmeister's death was the direct and proximate result of the negligent acts and/or omissions of Defendant Alion.

24.    Defendant Alion owed Francis Stotmeister a duty of reasonable care.

25.    Defendant Alion is liable for any acts and/or omissions that resulted in the steam explosion on or about April 23, 2004.

26.    The above-referenced acts and omissions were the proximate cause of Francis Stotmeister's death.

27.    As a result of the negligent acts and/or omissions of the defendant, the plaintiff incurred substantial medical bills, the expense of burial, as well as suffered and will continue to suffer extreme sorrow, mental anguish, and the loss of companionship, spousal services and guidance, comfort, kindly offices and advice of the decedent, as well as the loss of income, services, protection, care and assistance provided by the decedent.

WHEREFORE, the Plaintiff respectfully demands judgment against Defendants Alion, CES, and D & Z, jointly and severally, in the full and just amount of Thirty Million Dollars ($30,000,000), plus interest and costs.

## COUNT IV
### (D.C. Survival Action-All Defendants)

6

28. Plaintiff incorporates by reference all other paragraphs in the Amended Complaint.

29. This action arises under the District of Columbia Survival Statute, Title 12, §101 et seq. of the District of Columbia Code, and is brought by Mary Stotmeister as the personal representative and legal representative of the estate of Francis Stotmeister, deceased.

30. The Plaintiff, Mary Stotmeister, further alleges that the decedent, Francis Stotmeister, was regularly and gainfully employed at the time of her death, and but for the negligent acts and omissions of the defendant would have continued to be so employed.

31. As a direct and proximate result of the defendant's negligent acts and omissions, the estate of the decedent has been deprived of all probable future earnings of the decedent.

32. As a further direct and proximate result of the negligent acts and omissions of the Defendants the decedent sustained permanent injuries, mental anguish, and pain and suffering prior to his death.

33. As a further direct and proximate result of the negligent acts and/or omissions of the Defendants, the plaintiff incurred substantial medical bills, the expense of burial, as well as suffered and will continue to suffer extreme sorrow, mental anguish, and the loss of companionship, spousal services and guidance, comfort, kindly offices and advice of the decedent, as well as the loss of income, services, protection, care and assistance provided by the decedent.

WHEREFORE, the plaintiff, Mary Stotmeister, individually and as the wife of Francis, deceased, and as personal representative of the estate of Francis Stotmeister, deceased,

7

demands judgment against Defendants Alion, CES, and D & Z, jointly and severally, in the full and just amount of Thirty Million ($30,000,000.00) dollars, plus interest and costs.

## COUNT V
### (Loss of Consortium-All Defendants)

34.    Plaintiff incorporates by reference all other paragraphs in the Amended Complaint.

35.    Defendants, through the aforementioned conduct, directly and proximately caused the death of Francis Stotmeister.

36.    As a direct and proximate result of the negligence of Defendants, Plaintiff Mary Stotmeister, the wife of Francis Stotmeister, suffered and continues to suffer a loss of consortium with her husband, Francis Stotmeister, including but not limited to a loss of her husband's support, services, society, companionship, love, affection, aid, cooperation, marital relations and comfort due to his death.

WHEREFORE, Plaintiff Mary Stotmeister demands judgment against Defendants Alion, CES, and D & Z, jointly and severally, in the full and just amount of Thirty Million Dollars ($30,000,000.00), plus interest and costs.

## COUNT VI
### (Mark Stotmeister – Loss of Parental Consortium-All Defendants)

37.    Plaintiff incorporates by reference all other paragraphs in the Amended Complaint and further alleges that he is the son of Francis Stotmeister.

38.    Mark Stotmeister states that as a direct and proximate result of the negligence of Defendants, he has sustained a loss of parental consortium including but not limited, to support, training, parental attention and guidance, and companionship.

8

WHEREFORE, Plaintiff Mark Stotmeister demands judgment against Defendants Alion, CES, and D & Z, jointly and severally, in a full and just amount of Thirty Million Dollars ($30,000,000), plus interests and costs.

Respectfully submitted,

KOONZ, McKENNEY, JOHNSON,
DePAOLIS & LIGHTFOOT, L.L.P.

By:  /s/ William P. Lightfoot
  William P. Lightfoot  #313593
  Paulette E. Chapman #416437
  Kelly J. Fisher #488431
  2001 Pennsylvania Avenue, N.W., Suite 450
  Washington, D.C.  20006
  202-659-5500
  202-785-3719 (fax)
  wlightfoot@koonz.com

  Counsel for Plaintiffs

### JURY TRIAL DEMAND

/s/ William P. Lightfoot
William P. Lightfoot

KMJDL No.34250

9

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mary Stotmeister et al. | Alion Science and Technology Corp., et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Fredericksburg, VA_ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _McLean, VA_ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> William Lightfoot <br> 2001 Pennsylvania Ave., NW, Ste. 450 <br> Washington, D.C. 20006 <br> (202) 659-5500 <br> Counsel for Plaintiff | ATTORNEYS (IF KNOWN) <br> John C. Truong, AUSA <br> 555 4th St., NW <br> Washington, D.C. 20530 <br> (202) 307-0406 <br> Counsel for Third-party Defendant |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**◉ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| | | | |
|---|---|---|---|
| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Sec. 2671 et seq.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 30,000,000.00  Check YES only if demanded in complaint<br>**JURY DEMAND:** YES ☒  NO ☐ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒  NO ☐  If yes, please complete related case form.

DATE 7/10/08  SIGNATURE OF ATTORNEY OF RECORD _John A. Penning_, AUSA

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.